UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

JAN BENSON SEGAL,

    Plaintiff,

vs.

SKYLAKE 1380 LTD, d/b/a
SKYLAKE PROFESSIONAL PLAZA,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, JAN BENSON SEGAL, sues Defendant, SKYLAKE 1380 LTD, d/b/a SKYLAKE PROFESSIONAL PLAZA, a Florida Corporation (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JAN BENSON SEGAL, is an individual over eighteen years of age, residing and domiciled in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, SKYLAKE 1380 LTD, d/b/a SKYLAKE PROFESSIONAL PLAZA, was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida.

6. Venue is properly located in the Southern District of Florida because Defendants' property is located in and does business within Miami-Dade County, and because a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

7. Plaintiff, JAN BENSON SEGAL, is an individual with disabilities as defined by the ADA. Plaintiff suffers from cerebral palsy, which renders him unable to ambulate without a motorized device. Plaintiff, JAN BENSON SEGAL, has visited the property located at 1380 NE Miami Gardens Drive, Miami, FL 33179 that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff is domiciled in close proximity to the subject property.

8. The Plaintiff has encountered architectural barriers at the subject property, despite two decades having passed since the enactment of the ADA. Plaintiff wishes to continue his patronage and use of the premises. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

9. The barriers to access at Defendants' property have denied or diminished Plaintiff's ability to visit the property and endangered his safety. The barriers to access, which

are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

10. Defendant owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants owns, operates, leases or leases to, is known As Skylake Professional Plaza [or Skylake Medical Plaza], which is located at 1380 NE Miami Gardens Drive, Miami, FL 33179.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the shops and businesses located at 1380 NE Miami Gardens Drive, Miami, FL 33179, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or

less). A preliminary inspection of the restaurant located at 1380 NE Miami Gardens Drive, Miami, FL 33179, has shown that violations exist. These violations include, but are not limited to:

### **Parking**

a. Disabled parking signs not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG.

b. Some of the designated accessible parking spaces do not have the proper signage in violation of section 4.6.4 and 4.30 in violation of ADAAG.

c. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

d. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG

e. In this parking area, there are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 (5) and 4.6.1 of the ADAAG.

f. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

g. The accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG.

h. Some of the disable use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG.

i. Insufficient "van accessible" spaces, violating Sections 4.1.2 (5)(b) of the ADAAG.

### **Entrance Access and Path of Travel**

j. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2 of the ADAAG.

k. There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.

l. The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.

m.  There are curb ramps at the facility that contain excessive slopes and side slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.

n.  There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.

o.  There are curb ramps at the facility that contain cross slopes in violation of Sections 4.7.2 of the ADAAG.

p.  There are changes in levels of greater than ½ inch, on the accessible route to the public street violating Section 4.3.8 and 4.5.2 of the ADAAG.

q.  There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

r.  There are no accessible routes from accessible parking areas.  There are violations of the requirements in Sections 4.3.2 (1) of the ADAAG.

s.  There are curb ramps at the facility that contain excessive slopes in violation of Sections 4.8.2 of the ADAAG.

t.  There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

u.  There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

v.  The stairs provided at the facility do not have the proper cane detection barrier to warn blind or visually impaired persons and does not comply with the standards prescribed in Section 4.4.2 of the ADAAG.

w.  There are no detectable warnings on the curb ramps at this facility in violation of Sections 4.7.7 and 4.29 of the ADAAG.

x.  There are curb ramps in the facility that are not stable, firm and slip-resistant in violation of Section 4.7.4 and 4.5.1 of the ADAAG.

y.  There are curb ramps in the facility that do not have flush transitions to the roadway in violation of Section 4.7.2 of the ADAAG.

**Access to Goods and Services**

z.  There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

aa. The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

### Restrooms

bb. There are restrooms for public use at the facility without the required disabled use elements, in violation of several section of the ADAAG.

cc. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

dd. The grab bars in the toilet stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

ee. The water closets that are provided for public use at the facility violate provisions of Section 4.16 of the ADAAG.

ff. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

gg. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG.

hh. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG.

ii. The restroom does not provide a compliant toilet stall for wheelchair users, in violation of Section 4.17.3 of the ADAAG.

jj. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG

kk. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

ll. The restroom does not provide the required latch side clearance to exit the room violating the provisions of ADAAG Section 4.13.6.

mm. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

nn. The restroom does not provide elements equipped for use by the hearing and/or visually impaired, there is not a visual alarm violating Section 9 of the ADAAG.

oo. The restroom has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

pp. There are restrooms for public use at the facility without the required signage, in violation of ADAAG Section 4.1.3 (16) (a).

qq. There are storage hooks provided for patrons of the facility that are inaccessible, violating Sections 4.2.5, 4.2.6 of the ADAAG.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and

by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter Defendant's restaurant located at 1380 NE Miami Gardens Drive, Miami, FL 33179, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN BENSON SEGAL, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

[*Signature block on following page*]

DATED:  September 9, 2011.

Respectfully submitted,                                     Respectfully submitted,


By:    /s/ W. Glenn Dill                      By:    /s/ Daniel B. Reinfeld
       WILLIAM GLENN DILL, ESQ.                      DANIEL B. REINFELD, ESQ.
       Florida Bar No.:  174815                      Florida Bar No.:  174815
       DILL & REINFELD, PLLC                         DILL & REINFELD, PLLC
       Attorneys for Plaintiff                       Attorneys for Plaintiff
       Wells Fargo Financial Center                  Wells Fargo Financial Center
       1909 Tyler Street, Fourth Floor               1909 Tyler Street, Fourth Floor
       Hollywood, FL 33020                           Hollywood, FL 33020
       Telephone: (305) 632-4212                     Telephone: (954) 558-8139
       Facsimile: (954) 628-5054                     Facsimile: (954) 628-5054
       E-Mail: dillwg@aol.com                        E-Mail: dan@reinfeldlaw.com