UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: 1:11-cv-23260-PAS

JAN BENSON SEGAL,

    Plaintiff,

vs.

SKYLAKE 1380 LTD, d/b/a
SKYLAKE PROFESSIONAL PLAZA,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND INCORPORATED MERMORANDUM OF LAW**

COME NOW the Plaintiff, JAN BENSON SEGAL, by and through the undersigned counsel, and file this Motion for Final Default Judgment and incorporated Memorandum of Law against Defendant, SKYLAKE 1380 LTD d/b/a SKYLAKE PROFESSIONAL PLAZA (hereinafter referred to as "SKYLAKE"), and as grounds therefore state:

**FACTS AND PROCEDURAL HISTORY**

1.     This is an action for injunctive relief pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     Plaintiff filed their Complaint in the above-styled cause on September 9, 2011. [DE 1].

3.     On October 12, 2011, Defendant made its first appearance by way of a Motion for Extension of Time to Answer the Complaint. [DE-5].

4. Thereafter, the matter proceeded with litigation, including a contested motion to dismiss, filing of a joint scheduling report, submission of discovery and scheduling of mediation.

5. On May 23, 2012, the Court granted former defense counsel's Motion to Withdraw, and ordered that new counsel make an appearance by May 31, 2012 or that Plaintiff move for default no later than June 4, 2012, and that Plaintiff move for default final judgment by June 11, 2012. [DE 34].

6. On June 4, 2012, a Clerk's Default was entered by this Court as no new counsel had, or has since, appeared on behalf of Defendant. [DE 36].

7. As a result of Defendant's failure to obtain new counsel as required by Court Order [DE 34], Plaintiff respectfully requests that this Honorable Court enter default final judgment in their favor against Defendant, SKYLAKE, grant Injunctive relief ordering Defendant to remove the architectural barriers in violation of the Americans Disability's Act, and retain jurisdiction regarding the issue of attorneys' fees and costs pursuant to 42 U.S.C. §12205.

8. A Proposed Final Judgment is attached as Exhibit "A."

## **ARGUMENT**

As enumerated above, Defendant refuses to participate or otherwise defend itself in the current action. The Defendant has failed to have counsel licensed to practice in the United States District Courts for the Southern District of Florida make an appearance of record in compliance with the Order of this Court. [DE 34]. The law is well established that a corporation may not appear pro se, but must have counsel to represent it. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.")

Plaintiff recognizes that entry of a default judgment against a Defendant is a severe remedy and generally disfavored. See, e.g., Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued Order of a Court [DE 34], a default judgment, though drastic, is the appropriate and, indeed, only recourse. Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 458 (U.S. 2004) ("And, when a party fails to answer or appear in an adversary proceeding, the Federal Rule governing default judgments applies"). As Defendant, SKYLAKE, has not retained new counsel in compliance with [DE 34], it has failed to appear in the action since the time of withdrawal by defense counsel and default judgment is appropriate.

Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the Defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendant.

### INJUNCTIVE RELIEF

Plaintiff initiated this action for violation of the Americans Disability Act, 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq.. Since the Defendant has violated the Americans Disability Act, the Plaintiff respectfully requests that the Final Default Judgment require that the defendant remove the following architectural barriers:

Parking

a. Disabled parking signs are not mounted at sufficient heights in violation of Section 4.6.4 of the ADAAG.

b. Some of the designated accessible parking spaces do not have the proper signage in violation of Sections 4.6.4 and 4.30 of the ADAAG.

c.  There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

d.  There are disabled use spaces that do not have clear and level access aisles provided, in violation of Sections 4.1.2 and 4.6.3 of the ADAAG.

e.  In the parking area, there are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2(5) and 4.6.1 of the ADAAG.

f.  There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

g.  The accessible parking spaces are not dispersed and located closest to the accessible entrances, in violation of Section 4.6.2 of the ADAAG.

h.  Some of the disabled use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG.

i.  Insufficient "van accessible" spaces, violating Section 4.1.2(5)(b) of the ADAAG.

### Entrance Access and Path of Travel

j.  There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Section 4.3.2 of the ADAAG.

k.  There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.

l.  The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.

m.  There are curb ramps at the facility that contain excessive slopes and side slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.

n.  There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.

o.  There are curb ramps at the facility that contain cross slopes in violation of Section 4.7.2 of the ADAAG.

p.  There are changes in levels of greater than ½ inch on the accessible route to the public street, violating Sections 4.3.1 and 4.3.2 of the ADAAG.

q. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Section 4.8.2 of the ADAAG.

r. There are no accessible routes from accessible parking areas. There are violations of the requirements in Section 4.3.2(1) of the ADAAG.

s. There are curb ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG.

t. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

u. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

v. The stairs provided at the facility do not have the proper cane detection barrier to warn blind or visually impaired persons and do not comply with the standards prescribed in Section 4.4.2 of the ADAAG.

w. There are no detectable warnings on the curb ramps at the facility in violation of Sections 4.7.7 and 4.29 of the ADAAG.

x. There are curb ramps at the facility that are not stable, firm and slip resistant in violation of Sections 4.7.4 and 4.5.1 of the ADAAG.

y. There are curb ramps in the facility that do not have flush transitions to the roadway in violation of Section 4.7.2 of the ADAAG.

<u>Access to Goods and Services</u>

z. There are permanently designed interior spaces without proper signage in violation of Sections 4.1.2 and 4.30 of the ADAAG.

aa. The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

<u>Restrooms</u>

bb. There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

cc. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

dd. The grab bars in the toilet stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

ee. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

ff. There are urinals provided for public use that do not comply with the standards set fort in Section 4.18 of the ADAAG.

gg. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG.

hh. There are exposed pipes in restrooms at the facility, violating Section 4.19.4 of the ADAAG.

ii. The restroom does not provide a compliant toilet stall for wheelchair users in violation of Section 4.17.3 of the ADAAG.

jj. The mirrors provided for public use in the restroom are in violation of the requirements of Section 4.19.6 of the ADAAG.

kk. There are dispensers provided for public use in the restroom with controls outside of the ranges prescribed in Section 4.27 of the ADAAG.

ll. The restroom does not provide the required latch side clearance to exit the room, violating the provisions of ADAAG Section 4.13.6.

mm. The restroom door has improper hardware for disabled patrons in violation of Section 4.13.9 of the ADAAG.

nn. The restroom does not provide elements equipped for use by the hearing and/or visually impaired, there is not a visual alarm violating Section 9 of the ADAAG.

oo. The restroom has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

pp. There are restrooms for public use at the facility without the required signage, in violation of ADAAD Section 4.1.3(6)(a).

qq. There are storage hooks provided for patrons of the facility that are inaccessible, violating Sections 4.2.5 and 4.2.6 of the ADAAG.

**PROPOSED COMPLIANCE**

The Plaintiff respectfully requests that this Honorable Court order the Defendant to comply with the terms of this Final Judgment within sixty (60) days of the entry of this judgment, and respectfully requests this Honorable Court to retain jurisdiction relating to the Plaintiff's attorneys' fees and Plaintiff's Motion for Fees and Costs to be filed within thirty (30) days of this Motion for Default Final Judgment.

## CONCLUSION

Based upon foregoing, Plaintiff respectfully requests that its Motion for Default Judgment be granted.  Defendant has failed to retain new counsel as directed in the Order [DE 34] issued by the Court and refuses to appear and defend itself in the current suit.

WHEREFORE Plaintiffs respectfully request that this Honorable Court enter default final judgment in his favor against Defendant, SKYLAKE 1380 LTD d/b/a SKYLAKE PROFESSIONAL PLAZA; grant Injunctive relief ordering Defendant to remove the architectural barriers in violation of the Americans Disability's Act; and further retain jurisdiction regarding the issue of Plaintiffs' attorneys' fees.

[*certificate and signature on following page*]

Dated:  June 6, 2012.

By:   /s/ William Glenn Dill
      WILLIAM GLENN DILL, ESQ.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 6th day of June, 2012.  We further certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

Respectfully submitted,            Respectfully submitted,

By:   /s/ W. Glenn Dill
      WILLIAM GLENN DILL, ESQ.
      Florida Bar No.:  174815
      DILL & REINFELD, PLLC
      Attorneys for Plaintiff
      Center Court Building
      2450 Hollywood Blvd., Suite 310
      Hollywood, FL 33020
      Telephone: (305) 632-4212
      Facsimile: (954) 628-5054
      E-Mail: glenn@dill-reinfeld.com

By:   /s/ Daniel B. Reinfeld
      DANIEL B. REINFELD, ESQ.
      Florida Bar No.:  174815
      DILL & REINFELD, PLLC
      2450 Hollywood Blvd., Suite 310
      Hollywood, FL 33020
      Telephone: (954) 494-4131
      Facsimile: (954) 628-5054
      E-Mail: dan@reinfeldlaw.com

**JAN BENSON SEGAL v. SKYLAKE 1380 LTD.**
**Case No.: 1:11-cv-23260-PAS**
**Service List**

SKYLAKE 1380 LTD.
c/o Registered Agent
BENLOLO, JUDAH
18851 NE 29TH AVENUE
SUITE402
AVENTURA, FL 33180

JEFFREY R. MAZOR, ESQ.
J. R. Mazor & Associates, P.A.
Presidential Circle
4000 Hollywood Boulevard
Suite 265 South Tower
Hollywood, FL 33021
Telephone: (954) 962-3500